## JOHN W. BOWLES v. HIS CREDITORS.

The appellants claimed a subrogation to a mortgage, to secure a note, which, they alleged, they had paid. The mortgagor made a cession of his property, before any act of subrogation had been passed. *Held :* That an agreement to subrogate was inoperative, and that the rights of creditors, having become fixod by the cession of property, could not be affected by a subrogation made subsequently.

BOWLES
v.
HIS CREDITORS

APPEAL from the District Court of St. Mary, *Voorhies*, J.  *T. H. Lewis* and *Thomas Maskell*, for appellants.  *John Moore*, for appellee.  The judgment of the court was pronounced by

EUSTIS, C. J.  This case comes before us, on an appeal taken by *Dunlop, Moncure & Co., Henry Moncure*, of Richmond, and other creditors of the insolvent, from a judgment of the Court of the Fourteenth Judicial District, sitting in the parish of St. Mary, rendered on a tableau of distribution filed by the syndic.

*John Moore*, a creditor of the insolvent, who was allowed a privilege on certain objects seized under execution, beside the benefit of the judicial mortgage resulting from his judgment, has appeared as appellee, and asked that the judgment of the court be affirmed.  The case has been argued between the counsel for the appellants, and the appellee in person.

It is contended, by the appellant, that there is error in the judgment of the court below, in not allowing the house of the appellants, *Dunlop, Moncure & Co.*, a claim for $2000, and interest on the proceeds of the sale of the insolvent's plantation, being the amount of one of the notes given by the insolvent, for the purchase of the plantation which, it is alleged, *Dunlop, Moncure & Co.* paid to *G. Hydel*, the vendor, and to the rights of which, the present holders of the note are said to have been subrogated.

There was no conventional subrogation, as to this note, completed before the failure.  On the evidence, the case presented is one of an agreement to subrogate, which was not carried into effect until after the acceptance of the cession of the insolvent.  It stands on the same footing ·as an agreement to give a security, a mortgage, or to pay a debt.  Nothing done after the acceptance of the cession of property, can change the rights of creditors as fixed thereby.

*Dunlop, Moncure & Co.* were mortgage creditors of the insolvent, and had an undoubted right to pay this note to *Hydel*; and on payment to him, would have been subrogated of right to all its privileges and mortgages.  The difficulty, in our minds, on this subject, is the want of proof that this note was paid by the appellants.  We think the evidence decidedly preponderates in favor of its having been paid by the debtor himself, and not by the appellants.  It is obvious, that when subrogation to a debt is claimed as resulting from payment, the fact of payment ought to be affirmatively established.  The note having been once paid by the debtor, *Bowles*, nothing could revive it to the injury of other creditors. We think, therefore, there is no error in the judgment of the district court in this respect.

It appears that the note was not given up by *Hydel*, until after the cession of property was accepted, and that the appellants then paid a balance of interest due, for which *Hydel* had retained the note.  This interest ought to have been paid out of the proceeds of the mortgage property, and had the attention of the judge been called to the subject, the court would have allowed it in the judgment, or on an application afterwards.  As the amount paid has not been proved, we do not feel ourselves authorized to change the judgment on the tableau, for this small sum, and thus throw the costs of the appeal on the syndic only.

The next matter complained of by the appellants, relates to the decision of the court on a mortgage debt of the appellants.  *Dunlop, Moncure & Co.*, paid for some slaves purchased by *Bowles*, and were subrogated to the vendor's privilege, and took a mortgage on them, and on the plantation, for the amount of $3800. The judgment of the district court reduced this debt to some $450 ; the appellants claim, $2579, with interest, as still due under the mortgage.

This mortgage debt was to be paid by the proceeds of the crops of *Bowles*, to    BOWLES
be shipped to the appellants house in Richmond, for the three years succeeding $\frac{v.}{\text{HIS CREDITORS}}$
its date, February, 1846.    One-third of said debt and interest was to be paid
annually, from the proceeds of each crop, and the balance was to be subject to
the order of *Bowles*.    From the accounts rendered by the appellants, we think
the district judge was justified in his conclusions as to the amount due under this
mortgage.    No question of law appears to be involved in them.    The district
judge has given his reasons, in detail, which we do not think it necessary to re-
state.    It is sufficient to say, that after a full examination, we concur in them.

We find no error in the other matters on the judgment appealed from, which
is affirmed with costs.